UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CEDRIC GREENE, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:23-cv-03897 (UNA) |
| ) | |
| MARTIN O'MALLEY,[1] ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Currently before the court is plaintiff's *pro se* complaint ("Compl."), ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. The court grants plaintiff's IFP application, and for the reasons discussed below, dismisses this case without prejudice.

Plaintiff, a resident of California, sues the Commissioner of the Social Security Administration ("SSA"). *See* Compl. at 2. At first blush, it appears that plaintiff seeks review of an unfavorable SSA decision, denying his claim for supplemental security income. *See id.* at 1–2. However, the complaint ultimately reveals that plaintiff already waged such a challenge in other federal courts. *See id.* at 3; Compl. Exhibit, ECF No. 1-1. Indeed, plaintiff asks the court to "review [and] research an order issued by the Federal Claims Court[.]" Compl. at 3.

First, to whatever extent that plaintiff attempts to again seek review of the SSA's underlying administrative decision, the judicial review provision of the Social Security Act, codified at 42 U.S.C. § 405(g), is applicable. *See Friedman v. Sebelius*, 686 F.3d 813, 826 (D.C.

---

[1] The current Commissioner of the Social Security Administration is automatically substituted in his official capacity for his predecessor pursuant to Fed. R. Civ. P. 25(d).

Cir. 2012) (reiterating that "Section 405(h) [of 42 U.S.C.] . . . makes [42 U.S.C.] § 405(g) the exclusive avenue for judicial review of administrative decisions") (quoting *Nat'l Kidney Patients Assoc. v. Sullivan*, 958 F.2d 1127, 1130 (D.C. Cir. 1992) (alterations in original) (internal quotation marks omitted)).  Plaintiff, however, may not make such a challenge in this District.  The Social Security Act requires that such actions to be "brought in the district court of the United States for the judicial district in which the plaintiff resides[,]"  42 U.S.C. § 405(g); *see* 28 U.S.C. § 1406(a), and here, plaintiff resides in California, not the District of Columbia.

Second, a federal court lacks subject matter jurisdiction to review the decisions of other federal courts or to exert jurisdiction over them.  *See In re Marin*, 956 F.2d 339 (D.C. Cir. 1992); *Panko v. Rodak*, 606 F. 2d 168, 171 n.6 (7th Cir. 1979) (finding it "axiomatic" that a federal court may order judges or officers of another federal court "to take an action."), *cert. denied*, 444 U.S. 1081 (1980); *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (stating that federal district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts") (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994) (applying *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)), *aff'd*, No. 94-5079, 1994 WL 474995 (D.C. Cir. 1994), *cert. denied*, 513 U.S. 1150 (1995).

For all of these reasons, this case is dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date:  May 6, 2024

_____/s/_____
AMIT P. MEHTA
United States District Judge